IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL WATKINS                §
                               §
        Plaintiff,             §
                               §
VS.                            §       NO. 3-10-CV-1433-N
                               §
RANDY MEEKS, ET AL.            §
                               §
        Defendants.            §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Michael Watkins, an inmate in the Hunt County Jail. On June 25, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on July 30, 2010. The court now determines that this case should be summarily dismissed.

---

[1] Plaintiff originally filed this action in the Tyler Division of the Eastern District of Texas. Because Hunt County lies within the Dallas Division of the Northern District of Texas, the case was transferred to this district and division pursuant to 28 U.S.C. § 1404(a). *See Watkins v. Meeks*, No. 6-10-CV-317 (E.D. Tex. Jun. 29, 2010).

II.

Plaintiff, who is incarcerated pending trial on a DWI charge, alleges that he has been denied access to a law library. (*See* Mag. J. Interrog. #1, 4). By this suit, plaintiff seeks $17,500 in damages and an injunction on behalf of himself and other inmates at the Hunt County jail who do not have law library access. (*See* Plf. Compl. at 4; Mag. J. Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, \_\_\_ U.S. \_\_\_, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The gravamen of plaintiff's claim is that he has been denied access to a law library. Such a claim must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 612, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

In his interrogatory answers, plaintiff alleges that he cannot research the law applicable to his pending DWI case because the Hunt County jail does not have a law library. (*See* Mag. J. Interrog. #1, 4). However, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Griffin v. Valdez*, No. 3-08-CV-1237-P, 2008 WL 4491052 at *3 (N.D. Tex. Oct. 1, 2008) (citing cases). By his own admission, plaintiff has been represented by counsel throughout his criminal case. (*See* Mag. J. Interrog. #4(c)). Consequently, he has failed to state a claim for denial of access to the courts.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE